IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

    v.

IVAN A. CERMAK, et al,

        Defendants.

Case No. 1:12-CV-00603-CL

**REPORT & RECOMMENDATION**

CLARKE, Magistrate Judge.

    Eric Lighter seeks to intervene in a lawsuit brought by the United States of America against various defendants, including Honolulu Inn, Inc.; Honolulu Rail and Development, Ltd.; and Square Root of 25, Ltd. The United States brought this action to foreclose federal tax liens on two parcels of real property located in Josephine County, Oregon, sell the subject property, and distribute the proceeds from the sale according to the validity and priority of the liens and claims of all parties. This court has jurisdiction under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402. Eric Lighter's Motion to Intervene (#42) is now before the court. For the reasons set forth below, this motion should be denied.

//

## BACKGROUND

In its initial complaint (#1), the United States named Honolulu Inn, Inc., Honolulu Rail and Development, Ltd., and Square Root of 25, Ltd., as entities appearing on the title search with recorded interests in the property at issue. Eric Lighter was the registered agent for Honolulu Rail and Development, Ltd., and he was listed as an officer of all three entities on the Hawaii Secretary of State's Website (#23).[1] Eric Lighter was therefore served according to Federal Rule of Civil Procedure 4, establishing service upon all three entities on June 16, 2012 (#15). Fed. R. Civ Proc. 4(h)(1)(B). On July 9, 2012 Eric Lighter filed his motion to appear in this case amicus curiae (#20), which was denied on July 13, 2012 (#28).[2] On July 20, 2012 the United States filed a motion for Entry of Default against Honolulu Inn, Inc., Honolulu Rail and Development, Ltd., and Square Root of 25, Ltd., which was granted on August 8, 2012. On August 13, 2012 Eric Lighter filed the current motion to intervene (#42). The United States and defendants Tim Richardson and Paula Richardson oppose this motion.

## STANDARD

Federal Rule of Civil Procedure 24 provides for intervention as of right and permissive intervention. Rule 24(a) governs intervention as of right. It provides that the court must allow anyone to intervene who (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Proc. 24(a)(1)-(2). Rule 24(b) governs permissive intervention by a private party. It

---

[1] The Declaration of Quinn P. Harrington (#23) is not disputed by Eric Lighter or any other party to this action.
[2] This court notes that Eric Lighter continued to submit addendums to his Motion to Appear as Amicus Curiae after this date, but as he has not shown that he is a licensed attorney, he may not appear on behalf of these corporations, and his addendums are irrelevant.

Page 2 – REPORT AND RECOMMENDATION

provides that, where no federal statute confers a conditional right to intervene, "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. Proc. 24(b)(1).

In general, courts construe Rule 24 liberally in favor of the party seeking to intervene. Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). When determining whether intervention is appropriate, a court is "guided primarily by practical and equitable considerations." Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998). The party seeking to intervene bears the burden to prove that is has met the requirements for intervention. United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004). Courts take all "well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." Sw. Ctr. For Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001).

## DISCUSSION

An applicant for intervention as of right must demonstrate that (1) it has a "significant protectable interest relating to the property or transaction" at issue in the action; (2) the disposition of the action may "impair or impede the applicant's ability to protect its interest'" (3) the application is timely; and (4) that the existing parties may not adequately represent the applicant's interest." Donnelly, 159 F.3d at 410. An applicant seeking permissive intervention under Rule 24(b)(2) must file a timely action, its claims must share a common question of law or fact with the main action, and the court must have an independent basis for jurisdiction over those claims. See id. at 415; Nw. Forest Res. Council, 82 F.3d 825, 839 (9th Cir. 1996).

Here, Eric Lighter's motion does not assert any claims, or any reason that he should be allowed to intervene, let alone that he has a claim for intervention as of right. His "Third

Addendum to Amicus Petition" (#35) purports to be an original deed assigning an interest in the property Joan Prescott-Lighter. The document is largely incoherent, but even if such a person had an interest in the property, it would not give Eric Lighter the ability to intervene in this matter. He has not claimed any cognizable interest in the property, nor has he shown that his claim shares a common question of law or fact with the main action. While courts construe Rule 24 liberally in favor of the party seeking to intervene, this court agrees with the parties that this motion is merely an attempt to make an end-run around the court's previous Order (#28) denying his Motion to Appear as Amicus Curiae (#20). This raises the issues of "sham, frivolity or other objections" that do not constitute a "well-pleaded" motion to intervene. Sw. Ctr. For Biological Diversity, 268 F.3d at 820.

## RECOMMENDATION

For the reasons stated above, Eric Lighter's Motion to Intervene (#42) should be DENIED. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due 14 days from today's date. If objections are filed, any response to the objections is due 14 days from the date of the objection. *See* FED. R. CIV. P. 72, 6.

IT IS SO ORDERED.

DATED this 26 day of September, 2012.

MARK D. CLARKE
United States Magistrate Judge