IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,                          Civ. No. 1:12-cv-00603-CL

        Plaintiff,

            v.                                   REPORT & RECOMMENDATION

IVAN A. CERMAK; JOAN E. CERMAK; et al

        Defendants.

_____

CLARKE, Magistrate Judge.

      The case comes before the court on motion for partial summary judgment filed by

plaintiff the United States of America against defendants Ivan A. Cermak and Joan E. Cermak

(collectively "the defendants") with respect to the First Claim for Relief [#74]. Plaintiff seeks to

reduce to judgment the federal tax assessments against the defendants. For the reasons stated

below, the plaintiff's motion should be GRANTED.

///

///

## BACKGROUND

The Internal Revenue Service (IRS) alleges the defendants have unpaid federal income tax liability regarding the 1998 tax year. See United States' Material Facts in Support of Motion for Partial Summary Judgment ("U.S. Facts"), ¶¶ 1-11. The IRS also alleges that it properly issued a Notice of Deficiency ("Notice") to the defendants on October 8, 2002. See id. ¶ 1; see also Exhibit One to the United States' Memorandum in Support of Motion for Partial Summary Judgment. On December 9, 2002, after the alleged Notice was sent, the defendants filed a Petition with the United States Tax Court. U.S. Facts, ¶ 2. On February 19, 2003, the defendants next filed an Amended Petition with the Tax Court. Id. The Commissioner then filed a motion to dismiss two tax years, 1996 and 1997, based on lack of jurisdiction. Id. The defendants filed a response in opposition to that motion, but the Tax Court granted the motion and limited the case to the 1998 tax year. Id. On June 2, 2003, the Commissioner filed an Answer to the Amended Petition and the Tax Court set trial for February 2, 2004. Id. The defendants failed to appear for trial and the Commissioner moved to dismiss based on lack of prosecution. Id. ¶ 5. The Tax Court granted this motion for dismissal and entered a decision that a deficiency existed and that the defendants owed federal income tax for the 1998 tax year. Id. ¶ 6. Based on this Order of Dismissal and Decision, an authorized delegate of the Secretary of the Treasury ("delegate") submitted assessments of the defendants' federal income taxes. Id. ¶¶ 7-11. For the 1998 tax year, the delegate assessed the defendants' taxes at a total of $400,598.00. Id. ¶ 7. Additionally, over approximately the next three years, the delegate assessed several penalties under I.R.C. § 6651 in the amounts of $100,150.00, $54,080.73, and $46,068.77, and a filing fee of $20.00. Id. ¶¶ 7-9. Lastly, on July 23, 2004, the delegate assessed the defendants with statutory interest totaling $212,880.95. Id. ¶ 9. This balance of assessments, including the

assessed statutory interest, totaled $813,798.45. Id. ¶ 11. The plaintiff also alleges the defendants owe additional accrued, but unassessed, interest under I.R.C. §§ 6601, 6621(a)(2) and 26 C.F.R. 301.6621-2. Id. This accruing unassessed interest, combined with the previously assessed balance of $813,798.45, totals $1,252,082.73 as of February 27, 2013. Id. The defendants have not submitted any payments to the IRS for these amounts. Id. ¶ 10.

## LEGAL STANDARD

The court shall grant summary judgment when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson, 477 U.S. at 248).

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light

most favorable to the non-moving party.  Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th

Cir. 1995).

## DISCUSSION

The defendants are liable for unpaid federal income tax for the 1998 tax year as properly

assessed by the Secretary, including penalties and daily compounded interest.  Under I.R.C. §§

6203 and 6303, the Secretary of the Treasury must (1) make a valid assessment and (2) give

notice to each person liable for the unpaid tax and demand payment.  In this action brought to

collect federal taxes, the Government bears the initial burden of proof.  Palmer v. United States,

116 F.3d 1309, 1312 (9th Cir.1997) (citing United States v. Stonehill, 702 F.2d 1288, 1293 (9th

Cir. 1983)).  If the Government initially shows proper assessment and notice, as it did in this

case, the burden shifts to the defendants to refute this presumption.  Id.  However, the defendants

are barred from refuting this presumption because of res judicata, which prevents relitigation of a

claim that resulted in a final judgment on the merits.  Rein v. Providian Fin. Corp., 270 F.3d 895,

898-99 (9th Cir. 2001).  Even if res judicata did not apply, the Government still is entitled to the

assessed amounts because the defendants received both actual notice and notice sent by certified

mail.  See Clodfelter v. C.I.R., 527 F.2d 754, 755 (9th Cir. 1975).

I.    **Because of res judicata, the defendants are precluded from refuting their liability
      and may not collaterally attack the subject matter jurisdiction of the Tax Court.**

The doctrine of res judicata, or claim preclusion, precludes relitigation of a claim where:

(1) the parties are identical or in privity, (2) the judgment in the prior action was rendered by a

court of competent jurisdiction, (3) the same claim or cause of action was involved in both suits,

and (4) there was a final judgment on the merits.  Rein, 270 F.3d at 898-99.  If these four

elements are met, the parties are precluded from raising all issues connected with the original

action that were or could have been raised.  Id. This includes both subject matter and personal

jurisdictional determinations.  Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982).  A dismissal, including one for lack of prosecution, will operate as a final adjudication on the merits.  See Fed. R. Civ. P. 41(b); United States v. Bodwell, CIV. S-95-1906 LKK/G, 1996 WL 757285 at *7 (E.D. Cal. July 26, 1996) (citing Tax Court Rule 123(d)), aff'd 134 F.3d 379 (9th Cir. 1998).

The defendants are precluded from challenging the Tax Court's decision because of res judicata.  First, both actions involved identical parties, namely the defendants and the United States.  Second, the Tax Court that rendered the initial decision is a court of competent jurisdiction.  Third, both actions involved the same claim, namely the defendants' federal income tax liability for the 1998 tax year.  Lastly, the final judgment, in which the Tax Court ordered dismissal based on lack of prosecution, was on the merits.  As mentioned, dismissal for lack of prosecution still operates as a final adjudication on the merits.

Defendants ultimately argue the Tax Court lacked jurisdiction over their original action because the Government failed to show Notice was properly sent.  See Ivan and Joan Cermak's Response to United States' Motion for Partial Summary Judgment at 2.  The issue of sending Notice is discussed further below.  However, even assuming Notice was not properly sent, the defendants may not collaterally attack the subject matter jurisdiction of the Tax Court.  All issues that were or could have been raised, including jurisdictional ones, may not be brought in a second proceeding because of res judicata.  The defendants had the opportunity to litigate these issues before the Tax Court and failed to do so.  Accordingly, the Tax Court entered a valid and final judgment on the merits against the defendants, and the defendants are barred from raising this jurisdictional issue.

**II.    Even if res judicata did not apply, the Government is entitled to the amounts assessed by the Secretary, including penalties and daily compounded interest.**

The Government must meet its initial statutory burden of showing a (1) valid assessment and (2) notice and demand. See I.R.C. §§ 6203 and 6303. If successful, a presumption is created that the Government is entitled to the amounts by the Secretary. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); Hughes v. United States, 953 F.2d 531, 535-36 (9th Cir. 1992); United States v. Rempel, 202 F. Supp. 2d 1051, 1053-54 (D. Alaska 2001). The defendants must then present facts or evidence refuting the validity of either the amounts assessed or the proper notice and demand. Fed. R. Civ. P. 56(e); Hansen, 7 F.3d at 138 (citing Hughes, 953 F.2d at 541-42). However, the Government is entitled to the assessed amounts if it sent notice by certified or registered mail. Clodfelter, 527 F.2d at 755.

Initially, the Secretary must make a valid tax assessment pursuant to § 6203. Next, the Secretary must "give notice to each person liable for the unpaid tax, stating the amount and demanding payment." § 6303. Form 4340 Certificates of Assessment and Payments ("Form 4340s") are official documents used to establish that a valid assessment was made. See Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); Hughes, 953 F.2d at 535. The Form 4340 may also satisfy the second requirement if it shows that notice and demand was sent to the defendant. Hansen, 7 F.3d at 138. Specifically, a Form 4340 is "probative evidence" and "in the absence of contrary evidence, is sufficient to establish that [both] notice and assessment were properly made." Id. (quoting Hughes, 953 F.2d at 540).

The Government satisfied at least its initial burden of showing Notice was sent to the defendants through the submission of Form 4340s. This creates a presumption that the defendants must refute. Relying on I.R.C. § 6212, the defendants argue that the Notice was improper because it was not sent by certified or registered mail. See Ivan and Joan Cermak's

Response to United States' Motion for Partial Summary Judgment at 2. However, the primary purpose of § 6212 is to ensure a mailing effectively results in actual notice. Clodfelter, 527 F.2d at 755 (holding that § 6212 does not require the use of certified or registered mail but is a "means to [the] end" of ensuring taxpayers receive actual notice). Section 6212 merely states that notice sent by certified or registered mail to the taxpayer's last known address will be sufficient to allow collection of a deficiency. It does not require the notice to be sent by those means. Additionally, the defendants filed their Petition in Tax Court just two months after the IRS allegedly sent the Notice. This shows the defendants received actual notice. However, even if the defendants did not receive actual notice, the Government included a copy of the Notice, in exhibit one, and showed it was sent by certified mail, in exhibit five. This is sufficient to allow collection of the deficiency regardless of whether the defendants received actual notice. See § 6212; Johnson v. I.R.S., 888 F. Supp. 1495, 1507 n.12 (C.D. Cal. 1994) (citing United States v. Zolla, 724 F. 2d 808, 810 (9th Cir. 1984) ("A Certified Mailing List is 'highly probative,' and is sufficient, in the absence of contrary evidence, to establish that a notice of deficiency was properly mailed.")). The defendants also argue that the Notice was improper because the Individual Master File printout lacked the three-digit code normally used to show when the Notice was mailed. See Ivan and Joan Cermak's Response to United States' Motion for Partial Summary Judgment at 4. However, for the reasons stated above, this assertion does not refute the presumption that the Government is entitled to the assessed amounts.

The defendants are therefore liable for the deficiency determined by the Secretary as evidenced on the Form 4340. I.R.C. 7459(d). This assessed amount, including penalties, totaled $813.798.45. Additionally, interest is mandated and compounded daily under I.R.C. §§ 6601(a), 6621, and 6622. The defendants are liable for this daily compounded interest, which totaled

$1,252,082.73 as of February 27, 2013, and will continue to accrue.

## CONCLUSION

The Government satisfied its initial statutory duties of showing valid assessment and notice and demand under §§ 6203 and 6303. This creates a presumption that the Government is entitled to the amounts assessed by the Secretary. The defendants then must present sufficient facts and evidence to refute this presumption. However, the defendants are barred from refuting this presumption because of res judicata and failed to present sufficient evidence to refute it anyways. Additionally, the defendants received both actual notice and notice sent by certified mail. Therefore, the defendants are liable for the deficiency determined by the Secretary, including penalties and daily compounded interest.

## RECOMMENDATION

For the reasons stated above, plaintiff's motion [#74] should be GRANTED.

**This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.** Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen(14) days after the date the objections are filed.** See Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). Any appeal from an order adopting this Report and Recommendation would be frivolous and not taken in good faith.

DATED this _____ day of July, 2013.


MARK D. CLARKE
United States Magistrate Judge