UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

UNITED STATES OF AMERICA,                Case No. 1:12-CV-00603-CL

        Plaintiff,

        v.

JOAN E. CERMAK, Personal
Representative of the ESTATE OF IVAN A.
CERMAK; JOAN E. CERMAK;
HONOLULU INN, INC.; HONOLULU
RAIL AND DEVELOPMENT, LTD.;
SQUARE ROOT OF 25, LTD.; TIM
RICHARDSON & PAULA RICHARDSON,
as Trustees of JI FOUNDATION TRUST;
JOSEPHINE COUNTY,

        Defendants.

## ORDER OF FORECLOSURE AND JUDICIAL SALE

This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28

U.S.C. §§2001 and 2002 and 26 U.S.C. §§7402 and 7403. The Court hereby ORDERS as

follows:

1.      On October 17, 2013, the Court entered judgment in favor of the United States

and against Ivan A. Cermak and Joan E. Cermak, jointly and severally, in the total amount of

$1,252,082.73, as of February 27, 2013, plus interest continuing to accrue thereon pursuant to 26

U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) and other statutory additions.

2.      This Order pertains to two parcels of real property located at 133 Norman Road,

Selma, Oregon, 97538 (the "Subject Property"), Josephine County tax accounts R327761 and

R3277612. The parcels are more particularly described as follows:

> Beginning at a point which is 1440 feet North of the Southeast corner of
> Section 10, Township 38 South, Range 8 West, of the Willamette
> Meridian, Josephine County, Oregon; thence South 50 feet to the center of
> Clear Creek; thence along the center of Clear Creek as follows: South
> 76°30' West, 296 feet; South 56° West, 610 feet; South 17°30' West, 166
> feet; thence South 77°45' East to a point which is the Northwest corner of
> the tract of land described in Volume 96, Page 212, Josephine County
> Deed Records; thence South 3°45' East, 387.2 feet; thence South 22°
> West, 363.4 feet to the South line of said Section 10; thence West 165.6
> feet to the Southeast corner of the West Half of the Southwest Quarter of
> the Southeast Quarter of the Southeast Quarter of said Section 10; thence
> North, 1440 feet; thence East, 990 feet to the point of beginning.
> EXCEPTING THEREFROM a tract of land off the South side of the
> premises above described conveyed to the State of Oregon by deed
> recorded in Volume 70, Page 291, Josephine County Deed Records.
> ALSO EXCEPTING THEREFROM that portion conveyed to Josephine
> County, a body politic in document recorded November 4, 1964, in
> Volume 240, Page 523, Josephine County Deed Records.

3.     This Order is entered pursuant to the judgments entered in favor of the United

States on the *Joint Stipulation for Entry of Judgment Against Joan E. Cermak, in all Capacities,*

*and Tim Richardson and Paula Richardson, as Trustees of JI Foundation Trust, on the Second*

*and Third Claims for Relief in the Complaint and for an Order of Foreclosure and Judicial Sale*

and the United States' *Motion for Default Judgment Against Honolulu Inn, Inc. Honolulu Rail*

*and Development, Ltd. and Square Root of 25, Ltd.*

4.     The United States has valid and subsisting tax liens on all property and rights to

property of Joan E. Cermak, as personal representative of the Estate of Ivan A. Cermak, and Joan

E. Cermak, jointly and severally, including both parcels making up the Subject Property, arising

from the assessment described in Paragraph 13 of the United States' Complaint (Doc. 1), which

liens are effective as of the dates of those assessments. The United States further protected its

liens by filing Notices of Federal Tax Liens with the Josephine County Recorder's Office.

5.     Defendant Honolulu Inn, Inc. holds title to the Subject Property as the nominee of

Joan E. Cermak, as personal representative of the Estate of Ivan A. Cermak, and Joan E. Cermak,

individually, and the conveyances described in Paragraphs 30 through 32 of the United States'

Complaint are fraudulent conveyances and of no effect as to the lien claims of the United States,

and those conveyances are set aside.

6.     26 U.S.C. § 7403 entitles the United States to enforce its liens against the Subject

Property in order to apply the proceeds towards the joint and several tax liabilities of Joan E.

Cermak, as personal representative of the Estate of Ivan A. Cermak, and Joan E. Cermak,

individually.

6.     The United States' federal tax liens against the Subject Property are hereby

foreclosed. Subject to the stay set forth in paragraph 14, below, the United States Marshal,

his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation

Specialist ("PALS") representative is authorized and directed under 28 U.S.C. §§2001 and 2002

to offer for public sale and to sell Parcel 1 and Parcel 2 of the Subject Property free and clear of

the right, title, and interest of all parties to this action and any successors in interest or transferees

of those parties. The United States may choose either the United States Marshall or a PALS

representative to carry out the sale under this Order of Foreclosure and Judicial Sale and shall

make the arrangements for any sales as set forth in this Order. This Order of Foreclosure and

Judicial Sale shall act as a special writ of execution and no further orders or process from the

Court shall be required.

7.     Subject to the stay set forth in paragraph 14, below, the United States Marshal,

his/her representative, or a PALS representative is authorized to have free access to the Subject

Property and to take all actions necessary to preserve the Subject Property, including, without

limitation, retaining a locksmith or other person to change or install locks or other security

devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

8.     The terms and conditions of the sale are as follows:

   a. Except as otherwise stated herein, the sale of Parcel 1 and Parcel 2 of the
      Subject Property shall be by public auction to the highest bidder, free and clear
      of all liens and interests. The United States may sell the parcels together or
      separately.

   b. The sales shall be subject to all laws, ordinances, and governmental regulations
      (including building and zoning ordinances), affecting the premises, and
      easements and restrictions of record, if any.

   c. The sales shall be held at the United States District Court District of Oregon,
      on the Subject Property's premises, or at any other place in accordance with
      the provisions of 28 U.S.C. §§2001 and 2002, at a date and time announced by
      the United States Marshal, his/her representative, or a PALS representative.

   d. Notice of the sales shall be published once a week for at least four consecutive
      weeks before the date fixed for the sales in at least one newspaper regularly
      issued and of general circulation in Josephine County, Oregon, and, at the
      discretion of the Marshal, his/her representative, or a PALS representative, by
      any other notice that it or its representative may deem appropriate. State or
      local law notice requirements for foreclosures or execution sales do not apply
      to these sales under federal law, and state or local law regarding redemption
      rights do not apply to these sales. The notice or notices of sale shall describe
      Parcel 1 and Parcel 2 of the Subject Property, separately, and shall contain the
      material terms and conditions of sale in this Order of Foreclosure and Sale.

- 4 -

e. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

f. Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Oregon. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g. The balance of the purchase price of each parcel of the Subject Property, or both parcels (depending on the circumstances) in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court District of Oregon. If the successful bidder or bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be applied first to the federal tax liabilities of Joan E. Cermak, as personal representative of the Estate of Ivan A. Cermak, and Joan E. Cermak,

individually. Each parcel of the Subject Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second-highest bidder or bidders (if there are multiple sales). The United States may bid as a credit against its judgment without tender of cash.

h. The sales of Parcel 1 and Parcel 2 of the Subject Property shall not be final until confirmed by this Court. The Marshal or a PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

i. Upon confirmation of the sale or sales, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying Parcel 1 and Parcel 2 of the Subject Property to the purchaser or purchasers.

j. Upon confirmation of the sale or sales, the interests of, liens against, or claims to the residence and to the vacant lot held or asserted by the United States in the Complaint and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. §2001. Redemption rights under state or local law shall not apply to this sale under federal law.

k. Upon confirmation of the sale or sales, the purchaser or purchasers shall have the Recorder of Deeds of Josephine County, Oregon cause the transfer of the Subject Property to be reflected in the Josephine County property records.

9. Until Parcel 1 and Parcel 2 of the Subject Property are sold, Joan Cermak shall take all reasonable steps necessary to preserve the residence and the vacant lot (including all

buildings, improvements, fixtures, and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies on both parcels of the Subject Property. She shall keep current in paying real property taxes as they are assessed by Josephine County, Oregon. She shall not commit waste against the Subject Property, nor shall she cause or permit anyone else to do so. She shall not do anything that tends to reduce the value or marketability of the Subject Property, nor shall she cause or permit anyone else to do so. She shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall she cause or permit anyone else to do so. After notice of any alleged violation of this paragraph 9, and a one month right to cure, any continuing violation of this paragraph shall be deemed a contempt of Court and punishable as such. The stay of this Order, described in Paragraph 14, below, shall be lifted by the Court in the event any of the provisions of this paragraph are violated; but only after a failure to cure the violation within one month after Notice thereof.

10.     All persons occupying the Subject Property shall leave and vacate permanently such properties no later than the day after the stay of this Order, described in Paragraph 14, below, expires, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person fails or refuses to leave and vacate the residence or the vacant lot by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sale of such property or properties is being conducted by a PALS representative. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein,

- 7 -

the personal property remaining at the Subject Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

11.     Notwithstanding the terms of the immediately preceding paragraph, if, after the sale or sales of each parcel of the Subject Property are confirmed by this Court, either parcel of the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

12.     If Joan Cermak, or any other person occupying the Subject Property vacates the Subject Property prior to the deadline set forth in Paragraph 10, above, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property. Notification shall be made by leaving a message at the Tax Division, Western Region Front Office, (202) 307-6413. If Joan Cermak vacates the Subject Property prior to the deadline set forth in Paragraph 10, she shall file a forwarding address with the Court within 15 days of vacating the property and shall serve a copy of the same upon the United States and all other parties to this litigation.

13.     The Marshal, his or her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the Court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference until these expenses and liens are satisfied: first, to the IRS for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. §1921(c)

- 8 -

and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the Court; second, to Josephine County for any Josephine County property tax liens upon the real property entitled to priority over prior security interests; and third, to the United States of America to partially satisfy the joint and several federal tax liabilities of Joan E. Cermak, as personal representative of the Estate of Ivan A. Cermak, and Joan E. Cermak, individually, at issue herein.

14.     This Order is stayed until thirty (30) days after the earlier of Joan Cermak's death or the date after Joan Cermak no longer lives on the subject property for a continuous period of one month, except for the provisions contained in Paragraphs 1, 4, and 9, above, which shall take effect on the date on which this Order is signed. If Joan Cermak moves or otherwise no longer lives on the subject property for a continuous period of one month, she must contact the Department of Justice of such fact by leaving a message at the Tax Division, Western Region Front Office, (202) 307-6413.

15.     Upon entry of this Order, the Court will administratively close this case but retain jurisdiction over the case. The United States will not need to seek further approval of the Court in order to sell the subject property at a judicial sale once the events described in Paragraph 14, above, occur and the stay of this Order is automatically lifted.

16.     Joan Cermak and Tim Richardson and Paula Richardson, as Trustees of the JI Foundation Trust, are automatically dismissed from the case once the stay of the Order of Foreclosure and Judicial Sale is automatically lifted.  Joan Cermak and Tim Richardson and Paula Richardson, as Trustees of the JI Foundation Trust, waive any right to further notice of the judicial sale, and they waive any right to receive notice or to be heard regarding the eventual judicial sale of the subject property or the distribution of any sale proceeds.

- 9 -

Dated this 2( day of ____Apri ̸l̸, 2016.

MARK D. CLARKE
United States Magistrate Judge